UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ALLAN DAVID HARDY,

Plaintiffs,

v.

DEE ANN CELUSTA,
KRISTI, ACCOUNTS MOOSE LAKE,

Defendants.

CIVIL NO. 01-458 (JMR/AJB)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"), commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) Plaintiff did not pay the $150 filing fee for this action that is required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, and it is presently before the Court for review of Plaintiff's IFP application, and for initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A(b)(1).

FILED MAR 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff alleges that he worked as a "swamper" at MCF-STW for 16 days in early February 2001. He also alleges that before being transferred to MCF-STW in January 2000, he held another prison job at the Minnesota Correctional Facility in Moose Lake, Minnesota. Plaintiff claims that certain wages that he earned from his two recent prison jobs have been improperly withheld from him by Defendants -- two prison employees who allegedly are responsible for handling prisoner financial matters. The complaint does not state the exact amount of money at issue, but it appears to be fairly small, (probably less than $50).

Plaintiff attempted to recover his missing wages by using prison grievance procedures, but his claim was denied because the withholdings were found to have been proper. He is now seeking relief in federal court -- although the exact relief he is seeking is not clearly explained.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named

Defendants are immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2). The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's complaint fails to state any claim on which relief can be granted.

The caption of Plaintiff's complaint indicates that he is seeking relief under 42 U.S.C. § 1983. To state an actionable § 1983 claim, a complaint must allege facts showing that the named defendants somehow violated the plaintiff's federal constitutional rights. See West v. Atkins, 487 U.S. 42, 48 (1988).

In this case, the complaint does not specifically explain how the named Defendants allegedly violated Plaintiff's constitutional rights.[1] The only conceivable constitutional basis for Plaintiff's claims would seem to be the Due Process Clause of the Fourteenth Amendment. Plaintiff seems to be alleging that he was deprived of certain property, (i.e., his wages), without being afforded due process.

However, the U.S. Supreme Court's decision in Hudson v. Palmer, 468 U.S. 517 (1984), precludes Plaintiff from maintaining a due process claim based on the circumstances described in his complaint. In Hudson, the Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of

[1] The civil cover sheet that accompanied Plaintiff's complaint indicates that his claims are based on the Eighth Amendment's "cruel and unusual punishment" clause. The complaint itself, however, includes no factual allegations suggesting that Defendants did anything, (or failed to do anything), that could be viewed as an Eighth Amendment violation. Prison officials may violate a prisoner's Eighth Amendment rights if they deliberately disregard a serious risk to the prisoner's health or safety, (see Farmer v. Brennan, 511 U.S. 825, 337 (1994)), but there certainly are no allegations of any such misconduct by Defendants in this case.

the procedural requirements of the Due Process Clause of the Fourteenth Amendment, if a meaningful postdeprivation remedy for the loss is available." Id. at 533. This means that the requirements of due process are satisfied if there is a procedure available to a prisoner by which he can challenge an allegedly wrongful seizure of his property, after the seizure has occurred. There can be no due process violation if the prisoner has been afforded a post-deprivation opportunity to contest the loss of his property.

Here, it appears on the face of the complaint that there was a prison grievance procedure available to Plaintiff, and that he had an opportunity to pursue his claims through that procedure. (Complaint, [Docket No. 1], p. 2, §§ II.A and II.B.) The Supreme Court expressly noted in Hudson that a prison grievance procedure may serve as a "meaningful postdeprivation remedy" that would satisfy the requirements of the Due Process Clause. 468 U.S. at 536, n. 15. Relying on this observation, other federal courts have dismissed inmate due process claims stemming from property deprivations when a prison grievance procedure was available. See e.g., Diaz v. Coughlin, 909 F. Supp. 146, 150 (S.D.N.Y. 1995); Rambert v. Durant, No. Civ. A. 95-5636, 1996 WL 253322 (E.D. Pa. 1996). This Court similarly finds that the grievance procedure identified on the face of Plaintiff's complaint can be viewed as a post-deprivation remedy that meets the requirements of Hudson v. Palmer. While Plaintiff obviously is dissatisfied with the outcome of the grievance proceedings, he has not identified any procedural deficiency in those proceedings that could be viewed as a denial of due process. Because Plaintiff was afforded the manner and measure of due process required under the circumstances of this case, as prescribed by Hudson, he has no actionable § 1983 claim.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[3] To date, Plaintiff has not paid any part of the filing fee, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $150, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 15th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.